MELINDA BENT, *Executrix, versus* LEVI R. WEEKS & *al.*

Where the reversionary interest, in lands assigned to a widow as dower, is sold by the administrator by license of Court for the payment of debts of the deceased, the heirs of the deceased, continuing in possession more than six years, do not hold *adversely* to the owner of the reversion, nor acquire a right to compensation for betterments.

THE facts in this case fully appear in the case of *Bent* v. *Weeks*, 44 Maine, 45. The title of the demandant having been sustained by the Court in that case, the tenants applied for compensation for the improvements they made during their occupancy. The case was submitted without argument.

*Rowe & Bartlett*, for the demandant.

*N. Wilson*, for the tenants.

The opinion of the Court was drawn up by

CUTTING, J.—On facts agreed, the Court having heretofore adjudged that the legal title was in the demandant, the tenants now claim compensation for their improvements. It appears from the agreed statement now before us, as touching the question of betterments, that both parties claim under one Henry Sleeper, who died in 1836, leaving a widow and three children, of whom one is tenant and wife of the other tenant, both of whom, since 1844, have been in the open, peaceable, notorious and adverse possession, claiming title in right of the wife as heir of Sleeper. The premises were duly assigned to the widow in dower on September 5, 1842, and the reversion duly sold to the plaintiff's testator, and conveyed by deed dated Nov. 4, 1842. The widow died in July, 1856, and possession was demanded of the tenants by the testator in February following.

Upon the foregoing facts, the question presented is whether the possession has been of such a character as to entitle the tenants to betterments as against the demandant. The tenants do not claim under the widow, or as assignees or grantees

of one holding a life estate, and, consequently, cannot invoke § 23 of R. S., c. 104, which is a reënactment of the statute of 1843, c. 6, § 1.  *Bent* v. *Weeks*, 44 Maine, 45.  Nor § 20, for they did not hold *adversely* to the reversioner, who could not enter during the continuance of the .particular estate. And, as the tenants could gain no title to the fee by such a possession twenty years continued, "so neither could they acquire the lesser right of compensation for betterments." *Pratt* v. *Churchill*, 42 Maine, 471.

According to the agreement of the parties, *the default is to stand,* and judgment for possession and $6, as mesne profits.

TENNEY, C. J., and APPLETON, MAY, DAVIS, and KENT, J. J., concurred.